# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| The Law Offices of Troy P. Hendrick, P.C.<br><br>Plaintiff,<br><br>v.<br><br>CASSANDRA BANNECKE PETTAY; SIDEL INC. WELFARE BENEFIT PLAN;<br><br>Defendants. | Civil Action File No. |

## INTERPLEADER COMPLAINT

**COMES NOW,** The Law Offices of Troy P. Hendrick (the "Law Firm"), Plaintiff in the above-styled action and files this Complaint in Interpleader against Cassandra Bannecke Pettay and Sidel Inc. Welfare Benefit Plan ("the Plan," or "Plan"), Defendants, showing the Court as follows:

### Overview

1. The Law Offices of Troy P. Hendrick, P.C. ("Law Firm") settled a personal injury case for Defendant Pettay. $9,629.36 from the settlement is disputed between Pettay and the Sidel Inc. Welfare Benefit Plan ("the Plan"). The Law Firm believes the Plan is entitled to this amount, but Pettay disagrees. The funds are held

in the Law Firm's IOLTA Trust Account. To avoid multiple liabilities, the Law Firm seeks to deposit these funds with the Court and asks the Court to determine the rightful claimant.

## Jurisdiction and Venue

2. This is action is brought under Rule 22 of the Federal Rules of Civil Procedure. This Court has original federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*, because the dispute involves an ERISA-governed plan. 29 U.S.C. §§1132(a)(3); 1132(e)(1).

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §1391 as the Plan and Pettay both reside in this district.

## The Parties

4. At all times relevant to this action, Plaintiff The Law Offices of Troy P. Hendrick, P.C. (the "Law Firm") is a law firm that represented Pettay in her personal injury claim. The Law Firm is located at 215 N. McDonough St., Decatur, GA 30030.

5. At all times relevant to this action, Defendant Pettay is a resident of 4450 Kim St., Snellville, GA 30039, and was a beneficiary of the Plan.

6. At all times relevant to this action, Defendant Sidel Inc. Welfare Benefit Plan is a health and welfare benefit plan located at 5600 Sun Court, Norcross, GA

30092. Pursuant to 29 U.S.C. §1132(d)(1), the Plan is an entity that can be sued and for which service of process may be served at the address of the Plan Administrator, at the same address.

## NATURE OF THE COMPLAINT

7. Incident to her employment, Defendant Pettay received medical care benefits from the Plan following a motor vehicle collision on July 30th, 2018. According to the Plan, the total of benefits paid on behalf of Defendant Pettay amounted to $9,629.36 for treatment as a result of injuries sustained in the motor vehicle collision.

8. Defendant Pettay's personal injury claims were settled with the assistance of the Law Firm and with Ms. Pettay's consent for $58,000.00.

9. The Plan claims $9,629.36 for medical expenses it covered. The Law Firm investigated the Plan's rights and agrees with the Plan's claims. The Law Firm attempted negotiation of the repayment amount with the Plan, explaining to Defendant Pettay that any remainder achieved through this negotiation would be remitted to her.

10. The Law Firm disbursed all but the $9,629.36 claimed by the Plan. This amount remains in the Law Firm's IOLTA Trust Account.

11. Defendant Pettay objects to the Plan's claim to $9,629.36.

12. The Law Firm made multiple requests that Defendant Pettay hire new counsel to assert her arguments, suggesting that she terminate the services of the Law Firm since she disagreed with the Law Firm's legal conclusions. However, Defendant Pettay will not retain new counsel. Defendant Pettay refuses to terminate the Law Firm's services.

13. Instead, Defendant Pettay filed a grievance with the State Bar of Georgia. In the grievance, Defendant Pettay explicitly states that she does not wish to communicate with the Law Firm until the grievance is resolved. Defendant Pettay also states that she will not terminate the Law Firm's services.

14. The Law Firm responded to the grievance by denying all allegations of misconduct and reiterating confidence in its legal opinion that the remaining funds are the property of Defendant Plan.

15. Without the cooperation of Defendant Pettay, the Law Firm cannot negotiate any resolution with Defendant Plan.

## Appropriateness of Interpleader

16. The Law Firm has no claim to the $9,629.36 and seeks to deposit the funds with the Court to avoid conflicting claims from Pettay and the Plan.

17. The Law Firm has no means other than this Interpleader action of protecting itself against multiple conflicting claims and multiple litigation as to the proceeds at issue. Such multiple litigation is especially likely given that Defendant Pettay

has already filed a grievance seeking, in part, some adjudication of the dispute regarding the proceeds. While the State Bar is the wrong forum for seeking such adjudication, it demonstrates the high likelihood that Plaintiff Law Firm will face litigation regarding the proceeds should it make payment to Defendant Plan in accordance with Plaintiff Law Firm's legal opinion.

18. Plaintiff Law Firm is a mere stakeholder in this action, having and claiming no interest in the proceeds at issue.

19. Because the proceeds at issue become stale in the Law Firm's IOLTA Trust Account due to Defendant Pettay's refusal to communicate with the Law Firm, the Law Firm sought an ethics opinion from the State Bar of Georgia as to whether an Interpleader Action would be appropriate under the circumstances of the pending grievance. The Law Firm wished to avoid any perception of taking vindictive action against its client. The State Bar of Georgia replied in the affirmative, advising that all parties' interests to the $9,629.36 would be protected if the funds were deposited to the registry of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that the Court provide the following relief:

a) Directing the Defendants to Interplead their rights to the disputed funds;

b) Permanently restrain the Defendants from bringing any action against The Law Offices of Troy P. Hendrick, P.C. regarding these funds;

c) Discharge The Law Offices of Troy P. Hendrick, P.C. from all liability to Defendants regarding these funds upon payment of the same;

d) Award reasonable attorney's fees and costs necessitated by the bringing of this action; and

e) Such other relief as is deemed just and proper.

Respectfully submitted this 20th day of August, 2024.

The Law Offices of Troy P. Hendrick, P.C.
/s/ Troy P. Hendrick
Troy P. Hendrick
GA State Bar No. 346503
/s/ Joseph Henry
Joseph Henry
GA State Bar No. 341101
215 N. McDonough St.
Decatur, GA 30030
Telephone: 770-646-6275
Fax: 1-866-305-9682
troy@hendrickhenrylaw.com
joseph@troyhendricklaw.com
